Robert L. **MITCHELL** and Martha C. **Mitchell, Appellants,**

v.

**MILLS COUNTY, IOWA; Mills County Board of Supervisors; and Mills County Engineer, Appellees.**

No. 87–2582.

United States Court of Appeals, Eighth Circuit.

Submitted April 26, 1988.

Decided May 26, 1988.

---

Eric H. Leed, Council Bluffs, Iowa, for appellants.

Carlton G. Salmons, Des Moines, Iowa, for appellees.

Before ARNOLD, FAGG and WOLLMAN, Circuit Judges.

ARNOLD, Circuit Judge.

Robert and Martha Mitchell appeal from the order of the District Court,[1] *Mitchell v. Mills County*, 673 F.Supp. 332 (1987), granting summary judgment in favor of Mills County, Iowa, the county board of supervisors, and the county engineer, in this suit under 42 U.S.C. § 1983. For reversal, the Mitchells argue that the allegations in their complaint and the affidavit of Robert Mitchell were sufficient to create a genuine issue of material fact as to whether county officials intended to deprive them of their property without due process of law. We affirm the judgment of the District Court.

The Mitchells own real property in Mills County, located on the west side of Mills County Road L–31. According to their complaint, the Mitchells' land is directly south of a toxic chemical site and a cattle

---

1. The Hon. Donald E. O'Brien, United States District Judge for the Southern District of Iowa.

feed lot. The complaint alleges that in 1984 a county road project on L–31 and an adjacent drainage ditch altered the flow of surface water in the area and caused water from the north to drain onto the Mitchells' property, damaging their farmland. The Mitchells contended that a "failure of design" in the road construction caused the water-flow problem, that the county had "recklessly" exposed their land to wastewater runoff, and had acted maliciously, with intent to deprive them of the use of their land without due process of law. The complaint requested damages for lost income, the loss of value of the property, and the loss of constitutional rights.

The county moved for summary judgment against the Mitchells, pointing out that any claim under the Fourteenth Amendment and the Takings Clause of the Fifth Amendment was not ripe because Iowa law provided several methods by which the Mitchells could receive compensation for damage to their property. The county also contended that a procedural-due-process claim would fail because the Mitchells had not substantiated their allegations of malice and intent, nor had they alleged an affirmative abuse of power. The county further asserted that Iowa tort law provided the Mitchells with all the process they were due.

Attached to the motion for summary judgment was the affidavit of the Mills County engineer, denying any ill-will or bitterness toward the Mitchells or intent to increase the flow of water onto their property. The engineer further averred that

the drainage project had actually reduced the runoff onto the Mitchells' land.

Responding to the motion for summary judgment, Robert Mitchell submitted an affidavit, stating, in part,

16. Since 1982, Mills County officials have not worked with me "cooperatively." I believe that my initial reluctance to cooperate with the proposed drainage district has caused other landowners to harbor ill-will towards me. I further believe that the Mills County officials have assisted other landowners in an effort to alleviate the water problems of the other landowners along County Road L–31 to my detriment. I believe that this attitude continues as evidenced by the Mills County engineer's Affidavit in support of the Defendants' Motion for Summary Judgment in this matter.

Mitchell also indicated that, following a fish kill in a pond on his land in 1985, the county official who came to inspect the pond refused to take a water sample for analysis. Affidavit ¶ 15.

The Court dismissed the takings claim without prejudice, as not yet ripe under *Williamson County Regional Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985). The Mitchells do not argue that this dismissal was erroneous.

The Court granted summary judgment in favor of the county and officials on the due-process claim, concluding that the conduct of the officials was at worst no more than negligent, resulting in an unintended injury to the Mitchells' property that did not constitute deprivation in the constitutional sense.[2] The Court determined that

---

**2.** The District Court pointed out that, under the Supreme Court decisions of *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), and *Hudson v. Palmer,* 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), postdeprivation remedies provided by state law satisfy the procedural requirements of the Due Process Clause when the loss of property is the result of a random and unauthorized act. The District Court declined to decide this case on that basis, however, because the road project did not appear to have been random or unauthorized, and it would not have been impossible or impracticable for the county to have provided predeprivation procedures. 673 F.Supp. at 333–34.

We think this case is similar to *Hudson,* in that the alleged deprivation, however intentional, did not stem from a government program or process designed to infringe on property interests. *See Hudson,* 468 U.S. at 533–34, 104 S.Ct. at 3204. Further, this Court has held that even when the loss is caused by a state mechanism designed to diminish property interests incident to a public purpose, for example, eminent domain, the Constitution does not require prior notice and hearing if the postdeprivation process is adequate. *Collier v. City of Springdale,* 733 F.2d 1311, 1314–15 (8th Cir.), *cert. denied,* 469 U.S. 857, 105 S.Ct. 186, 83 L.Ed.2d 120 (1984); *see also Harris v. Missouri Conservation Comm'n,* 790 F.2d 678, 680 & n. 4 (8th Cir.1986)

Robert Mitchell's affidavit was insufficient to establish the existence of a genuine issue for trial, because it would not provide a suitable basis for a reasonable trier of fact to conclude that the county officials intended to harm the Mitchells. *Mitchell,* 673 F.Supp. at 334–35.

. On appeal, the Mitchells argue that the Court erred in focusing on Robert Mitchell's affidavit instead of treating the allegations in the complaint as true, allowing every reasonable inference from them, and requiring the county to bear the burden of rebutting any inference that could be drawn as to its intent. Apparently viewing the summary-judgment procedure as a test of the relative credibility of the affidavits, the Mitchells argue that the statement they filed was sufficient to negate the "conclusory" affidavit by the county engineer.

■ The Supreme Court has rejected the contention that Rule 56 of the Federal Rules of Civil Procedure requires the moving party to support its motion with affidavits or evidence negating the nonmovant's claim. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The movant need only bring up the fact that no genuine, material issue is present in the case, and point out that part of the record which supports this assertion. *City of Mt. Pleasant v. Associated Elec. Coop.,* 838 F.2d 268, 273–74 (8th Cir.1988). If this is done, and there is, in fact, no disputed issue on the record, "it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue.... If the respondent fails to carry that burden, summary judgment should be granted." *Id.* at 274 (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

Accordingly, it is not the strength of the county engineer's statement, but rather the absence of sufficient evidence supporting the Mitchells' allegations, that dictates the result reached by the District Court in this case. "[T]he plain language of Rule 56(c)

mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. at 322, 106 S.Ct. at 2552–53.

■ Injury caused by lack of due care is not a deprivation within the meaning of the Fourteenth Amendment, *Daniels v. Williams,* 474 U.S. 327, 332, 106 S.Ct. 662, 665–66, 88 L.Ed.2d 662 (1986), and not "the sort of abusive government conduct that the Due Process Clause was designed to prevent," *Davidson v. Cannon,* 474 U.S. 344, 347–48, 106 S.Ct. 668, 670, 88 L.Ed.2d 677 (1986) (citing *Daniels,* 474 U.S. at 331–33, 106 S.Ct. at 2557–58). Therefore, in order to establish their constitutional claim, the Mitchells were required to set forth specific facts showing that the damage to their property stemmed from something more than negligent road improvement by county officials.

■ We think the District Court correctly concluded that the Mitchells failed to produce evidence sufficient to allow a reasonable trier of fact to conclude that county officials deliberately damaged their property. The standard for summary judgment mirrors that for a directed verdict under Rule 50(a) of the Federal Rules of Civil Procedure. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Summary judgment is proper if the governing law permits only one reasonable conclusion as to the verdict. *Id.* Even if one accepted Robert Mitchell's contentions that the county officials did not cooperate with him, check out his fish kill, or give him the same drainage-control assistance as his neighbors received, one could not reasonably conclude on this basis that the county went about its drainage improvement with the intent of flooding the Mitchells' land. The Mitchells simply did not offer any substantial evidence to support the conclusion that

(*Parratt* analysis not appropriate in cases involving government takings). Because we agree with the District Court that no more than negli-

gence was established in this case, we need not base our decision on a *Parratt–Hudson* or government-takings analysis.

there was a *"deliberate* decision[ ] [by] government officials," *Daniels,* 474 U.S. at 331, 106 S.Ct. at 665 (emphasis in original), to deprive them of their property.

Accordingly, the order of the District Court is affirmed.