**Hezile Shabazz EARL, Appellant,**

v.

**Larry NORRIS, Warden; R.K. Noggles; Mr. Byus, Disciplinary Hearing Officers, Maximum Security Unit, Tucker, Arkansas, Appellees.**

**No. 89–1501.**

United States Court of Appeals, Eighth Circuit.

Submitted July 26, 1989.

Decided Aug. 31, 1989.

Hezile Shabazz Earl, pro se.

Olan W. Reeves, Little Rock, Ark., for appellees.

Before McMILLIAN, JOHN R. GIBSON and MAGILL, Circuit Judges.

PER CURIAM.

Appellant Hezile Shabazz Earl, an inmate in the Arkansas Department of Correction, filed this suit under 42 U.S.C. § 1983 claiming that he was deprived of liberty without due process when prison officials kept him in punitive isolation for six days after the disciplinary sentence he was serving was reversed. The magistrate[1] granted the prison officials' motion for summary judgment, on the ground that the negligence of officials in failing to release Earl from punitive confinement in a timely manner did not implicate the due process clause of the Constitution. We affirm.

According to his complaint, Earl was charged with a major disciplinary violation at the Maximum Security Unit in Tucker, Arkansas, on November 26, 1987. Earl alleged that a hearing on the disciplinary charge was postponed three times before he was found guilty of the charge and sentenced to thirty days in punitive isolation beginning on December 8, 1987. Earl appealed to Warden Larry Norris, who reversed the disciplinary action on December 10, 1987, because Earl's hearing had been delayed beyond the time allowed

---

**1.** The Honorable H. David Young, United States Magistrate for the Eastern District of Arkansas, before whom the case was tried by consent of the parties, *see* 28 U.S.C. § 636(c).

by prison rules without valid reason or proper notice to Earl. Earl was released from punitive confinement on December 15 or 16, 1987.

In this complaint filed April 26, 1988, against Norris and two disciplinary hearing officers, Earl stated that he was kept in isolation for two days before his appeal and six days thereafter, "as a form of harassment." In response to the prison officials' motion for summary judgment, Earl filed affidavits stating that confinement to isolation for the eight days caused him to miss a visit from relatives who had come from California to see him. Earl did not, however, point to specific facts sufficient to support a reasonable inference that prison officials intended to harass him. Rather, as the magistrate concluded, the facts alleged by Earl show no more than negligence on the part of the prison officials who failed to effect his immediate transfer when the disciplinary conviction was reversed. The Constitution is not implicated by such unintended injury. *See Davidson v. Cannon*, 474 U.S. 344, 347–48, 106 S.Ct. 668, 670, 88 L.Ed.2d 677 (1986); *Glick v. Walker*, 834 F.2d 709, 711 (8th Cir.1987) (per curiam).

We emphasize that we do not condone the carelessness shown by officials in this case. In order to defeat the summary judgment motion on his claim under the due process clause, however, Earl was required to set forth specific facts from which reasonable jurors could infer that his loss was caused by something more than negligent prison administration. *See* Fed. R.Civ.P. 56(e); *Mitchell v. Mills County*, 847 F.2d 486, 489 (8th Cir.1988) (plaintiffs failed to set forth facts showing that damage to their land was caused by something more than negligent road improvement by county).

Accordingly, the judgment of the district court is affirmed.