Curtis MORTON, Plaintiff,

v.

CITY OF LITTLE ROCK, Phillip Wilson and Ronnie Gatewood, Individually and in their Official Capacities, Defendants.

Civ. No. LR–C–89–125.

United States District Court,
E.D. Arkansas, W.D.

Dec. 26, 1989.

---

Morris W. Thompson, Little Rock, Ark., for plaintiff.

Victra L. Fewell, Asst. City Atty., Little Rock, Ark., for defendants.

ORDER

ROY, District Judge.

Before the Court is the defendants' Motion to Dismiss, which will be treated as a Motion for Summary Judgment. A brief history of the pleadings in this case is necessary.

On February 22, 1989, the plaintiff filed a complaint against the Little Rock Municipal Court, Little Rock Police Department, Phillip Wilson, Marge Manning and Ronnie L. Gatewood, individually and in their official capacities. The plaintiff raised claims pursuant to 42 U.S.C. § 1983 and the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

In his original complaint, plaintiff contended that on or about February 24, 1986, Phillip Wilson, Michelle Boyd, and Marge Manning released court records or police records or both to Lee Brockway, a reporter for the Benton Courier newspaper, indicating that plaintiff had been arrested and charged with a crime or crimes. Plaintiff contended that all of these documents were private and protected from general release pursuant to a properly entered order of expungement dated March 2, 1982, and that as a proximate result of defendant's action, the Benton Courier took an editorial position against the plaintiff describing him as unfit to serve as sheriff due to the information contained on the records.

Plaintiff stated that due to the negative publicity, which was based upon the released information, he lost the campaign for sheriff, that his business as a private investigator has suffered, and that his reputation has suffered. Subsequent to the filing of two motions to dismiss, plaintiff was granted leave to amend his complaint. By allowing the amendment, the issues raised in the motions to dismiss were resolved.

In the amended complaint filed June 5, 1989, plaintiff asserts basically the same causes of action against the City of Little Rock, Phillip Wilson and Ronnie Gatewood, individually and in their official capacities. On June 15, defendants filed a motion to dismiss and on June 16, 1989 defendants filed an amended motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). On July 17, 1989, approximately thirty days after the Motion to Dismiss was filed, the plaintiff filed a Motion for Extension of Time to Respond. On July 21, 1989, the defendants filed a motion to dismiss pursuant to Fed. R.Civ.P. 12(b)(1). On July 24, 1989, the Court directed the plaintiff to advise the Court by July 31, 1989 as to the reasons for filing his late motion for extension of time. Plaintiff failed to so advise the Court. Instead, on August 15, 1989, plaintiff filed a response to the defendant's motion to dismiss. The defendants filed a motion to strike the response based upon its untimeliness. On September 25, 1989, the Court entered an Order stating that the motions to dismiss would be treated as a motion for summary judgment, denying the motion to strike, and directing the parties to file a statement of material facts as required by Local Rule 29(a). Both parties have filed their statements, and the court is now ready to rule on the motions.

■ Defendants first contend that the cause of action against the City and Phillip Wilson is barred by the statute of limitations. In his amended complaint, plaintiff states that the information was released on or about February 24, 1986. In response to the motion, he states that it was released on or about February 21, 1986. The original complaint was filed on February 22,

1989, and the amended complaint was filed on June 5, 1989.

The applicable statute of limitations for § 1983 actions in Arkansas is three (3) years. *Lyons v. Goodson,* 787 F.2d 411 (8th Cir.1986). The defendant City of Little Rock was not a named defendant until the filing of the amended complaint on June 5, 1989. Therefore, the only way the cause of action would not be time-barred against the City would be if the amendment related back pursuant to Fed.R.Civ.P. 15(c). Rule 15(c) allows relation back of the amended complaint if the party brought in by amendment,

> (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and

> (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Although the City may have known at least as early as August 25, 1987 that plaintiff intended to bring suit against the City, no factual allegations against the City are contained in the original complaint or amended complaint. In fact, in the original complaint, the plaintiff relied on the wrong Arkansas statute as the essential basis for the entire complaint. It is therefore doubtful that the City received sufficient notice of the action or had the requisite knowledge required by Rule 15(c). Even if the Court were to hold otherwise, the Court finds that the City should nevertheless be dismissed from the lawsuit for other reasons. The Eighth Circuit has held that a municipality should be dismissed if the municipality is added after the statutory period and the complaint only seeks recovery on a *respondeat superior* basis. *McCurry v. Allen,* 688 F.2d 581, 585 (8th Cir.1982). Neither the complaint nor amended complaint state facts which would support even a *respondeat superior* theory of liability against the City. Therefore, to the extent the plaintiff seeks to impose liability on the City for the alleged unconstitutional acts of its employees Wilson and Gatewood, their claim must fail, and the complaint against

the City should be dismissed. *See Henry v. Farmer City State Bank,* 808 F.2d 1228 (7th Cir.1986).

As to defendants Sgt. Wilson and Captain Gatewood and the complaint against them in their official capacities, an official-capacity suit is tantamount to an action directly against the public entity of which the official is an agent. In order to recover against city employees in their official capacities, plaintiff must establish the existence of a municipal policy or custom that was the " 'moving force' behind," or caused the alleged constitutional violation. *Kentucky v. Graham,* 473 U.S. 159, 166, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985); *Clay v. Conlee,* 815 F.2d 1164, 1170 (8th Cir.1987); *Marchant v. City of Little Rock,* 741 F.2d 201, 204 (8th Cir.1984). The entity's official "policy or custom" must have "caused" the constitutional violation; there must be an "affirmative link" or a "causal connection" between the policy and the particular constitutional violation alleged. *Clay v. Conlee, supra.* Plaintiff has failed to allege or present the existence of a policy or custom of the City of Little Rock that caused the alleged deprivations, and the complaint against the individual defendants in their official capacities must be, and is dismissed.

Turning to the personal-capacity suit against the individual defendants, the Court will first deal with the allegations against Sgt. Wilson. In his deposition, Sgt. Wilson states that he provided a computer printout of the plaintiff's Little Rock Police Department arrest records to Lee Brockway, a reporter for the *Benton Courier,* in late January or mid-February of 1986. He told her that for any further information she needed to check with the Municipal Court. In Lee Brockway's affidavit, she states that she obtained a certified copy of the record of the Court Clerk of the Municipal Court on February 21, 1986. A copy of the certified copy reflects that it was certified on February 21, 1986. Plaintiff has presented nothing to support the conclusion that Sgt. Wilson released the information anytime after February 21, 1986. Therefore, as to defendant Wilson, the suit

had to be filed within three years after February 21, 1986.

The plaintiff refers to Rule 6(a) of the Federal Rules of Civil Procedure in support of his position that he had until February 22, 1989 to file the complaint. Rule 6(a) does allow the party to exclude the day of the act from which the period begins to run in the computation. However, if the day of the act, that is, February 21, 1986, is excluded, then February 22, 1989 would be day one of the fourth year under the Court's calculations, and the complaint against Wilson individually would be time-barred.

■ Even if the Court were to hold that defendant Wilson's claim was not time-barred, the complaint against Wilson would nevertheless fail. In his deposition, Wilson testified that Ms. Brockway made her request while the LRPD public information officer, Lt. Bert Jenkins, was out of the office and Sgt. Wilson was filling in for him. One of his responsibilities was to respond to inquiries from the press. The records he provided to Ms. Brockway were those available on a computer printout. He was authorized by an assistant chief of police to give a copy of the printout to Ms. Brockway. He stated that he did not know at the time he gave the printout to Ms. Brockway that one of the charges had been expunged and was not certain whether the printout indicated that one charge had been expunged. Information subject to expungement should have been flagged on the computer as "DISX," meaning dismissed and expunged.

■ Under the Arkansas Freedom of Information Act, Ark.Code Ann. § 25–19–101, et seq. (1987), public officials are required to make public records available for examination and copying. The only exemptions for law enforcement records are for "undisclosed investigations by law enforcement agencies of suspected criminal activity." § 25–19–105(b)(6). In addition, documents which are protected from disclosure by order or rule of court are exempted pursuant to § 25–19–105(b)(8). Sgt. Wilson was therefore required under Arkansas law to release all arrest information maintained by the Little Rock Police Department, except for any records which might be sealed or protected by Court Order. In Margie Manning's deposition, she refers to a formal expungement order that would have been contained in the arrest record file. However, in his deposition, Sgt. Wilson could not state conclusively whether a designation of expungement was on the printout, but apparently did not see it if it were, since he testified that he did not know until sometime later that he had released information about a charge that had been expunged. There is no allegation in plaintiff's complaint or other evidence presented by plaintiff that indicates that Sgt. Wilson released the information knowing part of it to be subject to an expungement order or that he had any malice or other intent to discredit the plaintiff. At most, plaintiff's cause of action against defendant Wilson would be negligence. Defendant has presented ample authority for the proposition that mere negligence of a government employee causing an alleged injury is insufficient to state a cause of action under the Due Process Clause of the Fourteenth Amendment against that employee. *Daniels v. Williams*, 474 U.S. 327, 330–33, 106 S.Ct. 662, 664–66, 88 L.Ed.2d 662 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347–48, 106 S.Ct. 668, 670, 88 L.Ed.2d 677 (1986). Nor are allegations of gross negligence or reckless disregard sufficient to state a claim under the Due Process Clause of the Fourteenth Amendment. *Rasmussen v. Larson*, 863 F.2d 603 (8th Cir.1988); *Mitchell v. Mills County*, 847 F.2d 486 (8th Cir. 1988); *Tallman v. Reagan*, 846 F.2d 494 (8th Cir.1988); *Griffin v. Hilke*, 804 F.2d 1052, 1055 (8th Cir.1986), *cert. denied*, 482 U.S. 914, 107 S.Ct. 3184, 3185, 96 L.Ed.2d 673 (1987). In addition, negligence does not give rise to a § 1983 claim for a violation of the Equal Protection Clause. *Wilson v. City of North Little Rock*, 801 F.2d 316, 322 (8th Cir.1986). Based upon the foregoing, the complaint should be dismissed as to Sgt. Wilson.

■ As to the complaint against defendant Gatewood in his individual capacity, the Court finds that he is entitled to immu-

nity. Plaintiff contends that since defendant has not raised this defense in an answer, it is not available to him. The Court disagrees. As stated in *Jensen v. Conrad*, 570 F.Supp. 91, 101 (D.S.C.1983), *aff'd.* 747 F.2d 185 (1984), *cert. denied*, 470 U.S. 1052, 105 S.Ct. 1754, 84 L.Ed.2d 818 (1985), the "threshold immunity question" is appropriate on a motion to dismiss.

In another lawsuit, the plaintiff sued the *Benton Courier* and several of its employees in state court for publishing information about his prior criminal convictions. During the course of that lawsuit, on May 6, 1986, a subpoena was issued directing Gatewood to appear at a hearing and to bring with him all criminal records and incident reports pertinent to any arrests of plaintiff Morton. The documents were actually released by Marge Manning, office supervisor of LRPD's Records and Support Division, at the direct order of Capt. Gatewood, who told her the records had to be released pursuant to the subpoena.

Ark.Code Ann. § 16–93–301 provides that expunged records are to be made available to "law enforcement and judicial officials" and are not to be physically destroyed. The Eighth Circuit has held that a quasi-judicial form of immunity is extended to police and other court officers for pure ministerial acts where they do nothing other than perform orders issuing from a Court. *Duba v. McIntyre*, 501 F.2d 590 (8th Cir.1974), *cert. denied*, 424 U.S. 975, 96 S.Ct. 1480, 47 L.Ed.2d 745 (1976). Furthermore, even under qualified immunity standards, the defense of qualified immunity turns on the "objective legal reasonableness" of the action, assessed in the light of the legal rules that were "clearly established" at the time the action was taken. *Anderson v. Creighton*, 483 U.S. 635, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987). The subpoena directed to Capt. Gatewood ordered him to produce the documents. It was clearly a violation of law for him to refuse to honor the subpoena, and it was equally clear that judicial officials are entitled to examine the expunged records.

The Court finds that the defendants have presented sufficient materials to support their allegations, and that plaintiff has not countered them sufficiently to establish the existence of an element essential to the plaintiff's case. *Pourmehdi v. Northwest National Bank*, 849 F.2d 1145, 1146 (8th Cir.1988), *quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

In light of the foregoing, the Court finds that defendants' motion for summary judgment should be, and is hereby granted.

## JUDGMENT

Pursuant to the Order entered herein, it is Considered, Ordered and Adjudged that the defendants' motion to dismiss is granted. Plaintiff's complaint should be, and it is hereby, dismissed with prejudice and the relief sought therein by plaintiff is denied.