Curtis MORTON, Appellant,

v.

CITY OF LITTLE ROCK; Phillip Wilson, and Ronnie Gatewood, Individually and in their Official Capacities, Appellees.

No. 90–1182.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 8, 1990.

Decided May 30, 1991.

---

Morris W. Thompson, Little Rock, Ark., for appellant.

Victra L. Fewell, Little Rock, Ark., for appellees.

Before McMILLIAN, Circuit Judge, and HENLEY, Senior Circuit Judge, and STUART,* District Judge.

McMILLIAN, Circuit Judge.

Curtis Morton ("plaintiff") appeals from the entry of summary judgment by the United States District Court[1] for the Eastern District of Arkansas. *See Morton v. City of Little Rock,* 728 F.Supp. 543 (E.D. Ark.1989) *(Morton ).* For reversal, plaintiff argues that (1) his claims against the City of Little Rock ("City") and Phillip Wilson were not time-barred, (2) the district court erred in dismissing his claim against Ronnie Gatewood in his official capacity, and (3) the district court erred in dismissing his claim against Gatewood in his individual capacity. For the reasons stated below, we affirm the judgment of the district court as to all three issues.

## I.

On February 21, 1986, Lee Brockway, a reporter for the *Benton Courier,* initiated an investigation of plaintiff, who had announced his candidacy for the office of sheriff in Saline County, Arkansas. Brockway went to the Little Rock Police Department and asked Phillip Wilson, a policeman, to give Brockway background information about plaintiff. Wilson, after receiving authorization, provided Brockway with a computer printout of plaintiff's criminal record, which showed that plaintiff had pleaded guilty to credit card fraud. Wilson said in his deposition that if a conviction had been expunged the symbol "DISX" should have appeared on the printout beside the particular conviction. Although Wilson knew what expungement meant, he did not remember whether he had seen the "DISX" symbol on the printout. Later that same day, Brockway obtained similar

---

* The Honorable William C. Stuart, Senior United States District Judge for the Southern District of Iowa, sitting by designation.

1. The Honorable Elsijane T. Roy, Senior United States District Judge for the Eastern District of Arkansas.

background information on plaintiff from a Little Rock municipal court clerk, Michelle Boyd. However, the court record clearly noted that plaintiff's conviction had been expunged.

On February 26, 1986, the *Benton Courier* published an article about plaintiff's criminal history. As a consequence of the *Courier*'s article, plaintiff sued the *Courier* in state court for invasion of privacy and defamation. On May 6, 1986, the newspaper's attorney had a valid state court subpoena issued commanding Ronnie Gatewood, a Little Rock police captain, to produce all criminal records and incident reports pertinent to any arrest of plaintiff. The subpoena informed Gatewood that he could comply by appearing in court himself or by furnishing the subpoenaed records to Ray Baxter (the newspaper's attorney). Thereafter, Gatewood directed Marge Manning, a deputy clerk, to provide copies of these reports, including the expunged order, to the newspaper's process server, who gave them to Baxter.

On February 22, 1989, plaintiff filed the present lawsuit against the Little Rock Municipal Court (LRMC), the Little Rock Police Department (LRPD), Wilson and Gatewood, as defendants in their individual and official capacities. He alleged that the defendants had violated his property rights under the due process clause, and that such property rights were created by A.C.A. § 16–85–701 (sic) (1987).[2] Subsequently, plaintiff filed an amended complaint on June 5, 1989, dropping the two city departments, retaining Wilson and Gatewood, and naming the City as a defendant. The defendants filed a motion to dismiss, which was treated as a motion for summary judgment. The district court granted summary judgment in favor of all defendants, because (1) plaintiff's claims against the City and Wilson were timebarred, (2) plaintiff's claims against Gatewood and Wilson in their official capacities were barred because their actions did not arise out of a municipal custom or policy, and because Gatewood was protected by quasi-judicial

immunity, (3) Wilson's misconduct was negligent rather than intentional, and (4) plaintiff's claims against Gatewood in his individual capacity were barred by qualified immunity and quasi-judicial immunity. Each of these issues will be addressed in turn.

## II.

The district court held that plaintiff's claims against the City and Wilson accrued on February 21, 1986, three years and one day before plaintiff filed his initial complaint. Because "[t]he applicable statute of limitations for § 1983 actions in Arkansas is three (3) years," *Morton*, 728 F.Supp. at 545, *citing Lyons v. Goodson*, 787 F.2d 411 (8th Cir.1986) (*Lyons*), the district court held that plaintiff's claims against those defendants were time-barred. The court added that even if plaintiff's cause of action did not accrue until February 24, 1986 (the date on which plaintiff initially alleged that the City released plaintiff's criminal records to the press), plaintiff's claims against the City were time-barred because the City was not named as a party until plaintiff filed his amended complaint in June of 1989. *See Morton*, 728 F.Supp. at 544–45 (plaintiff's claims against City time-barred because amended complaint did not "relate back" to date initial complaint filed, *i.e.*, City lacked actual or constructive notice of plaintiff's claims at time original complaint filed). Finally, the district court held that "[n]either the complaint nor amended complaint state facts which would support even a *respondeat superior* theory of liability against the City." *Id.* at 545.

■ In accordance with the Supreme Court's recent directive in *Salve Regina College v. Russell*, —— U.S. ——, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991), we review *de novo* the district court's interpretation of state law.

■ The limitation period in an action under 42 U.S.C. § 1983 (1988) is the state statute of limitations for personal injury

---

**2.** The citation to Ark.Code Ann. § 16–85–701 was erroneous; however, appellant in his amended petition corrected his earlier mistake

and cited to Ark.Code Ann. § 16–93–301, which prohibits the release of information about expunged convictions.

actions. *See Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). Thus, in Arkansas the applicable period for a § 1983 action is three years. *See* Ark. Code Ann. § 16–56–105; *Lyons,* 787 F.2d at 412.

■ In this case, plaintiff's initial complaint was filed on February 22, 1989. Thus, his claims against the City and Wilson are time-barred if his cause of action against the City accrued before February 21, 1986 (three years before the filing of his original complaint). The district court suggested that plaintiff's cause of action accrued on February 21, 1986, because plaintiff admitted to the court that his criminal record was released to Brockway on or about February 21, 1986. *See Morton,* 728 F.Supp. at 544.

We agree with this view, and accordingly find that plaintiff's claims against the City and Wilson were time-barred because his complaint was filed on February 22, 1989, which was the first date of the fourth year after the release of plaintiff's records. *See Brown v. Rinehart,* 105 F.R.D. 532, 533 (E.D.Ark.1985) (where incident occurred July 1, 1981 and complaint filed July 2, 1984, complaint would have been a day late if July 1, 1984, had not fallen on a Sunday). We therefore find no error and agree with the district court's grant of summary judgment in favor of the City and Wilson, in his official and individual capacities. We accordingly decline to address the validity of the district court's holding that plaintiff's claims against Wilson and the City lack substantive merit and are barred by the "custom or policy" and "relation back" doctrines.

### III.

Next we take up plaintiff's claims against Gatewood in both his individual capacity and his official capacity as a City employee. We initially note that plaintiff's claims against Gatewood are not time-

barred because Gatewood's alleged misconduct occurred on May 6, 1986, less than three years before plaintiff filed his initial complaint. Instead of relying on the statute of limitations, Gatewood relies on the rule that municipal employees may be sued in their official capacity only if their actions reflect municipal policy, and on the doctrine of qualified immunity.[3] These issues will be addressed below.

### A.

■ The district court dismissed plaintiff's claim against Gatewood in his official capacity, because plaintiff had failed to "establish the existence of a municipal policy or custom that ... caused the alleged constitutional violation." *Morton,* 728 F.Supp. at 545 (citations omitted). The evidence submitted by plaintiff included (1) copies of the pleadings filed in the district court; (2) a transmittal letter from defendants' attorney; (3) a pleading filed in plaintiff's state court action; and (4) one page from Marge Manning's deposition. None of this evidence is relevant to the issues presented, with the possible exception of Marge Manning's statement about her release of the arrest records on Gatewood's order.

Plaintiff adduced no evidence to establish (1) that Gatewood had the requisite authority to establish any kind of official municipal policy, *i.e.,* that he was a policymaker as that term of art is used in § 1983 suits; (2) that Gatewood did in fact establish some relevant policy; (3) what that policy might have been; or (4) how that policy, if any, was connected with the release of the purported protected information. Furthermore, plaintiff had not shown that the City had any policy, official or otherwise, pertaining to release of police arrest records pursuant to a judicial order. Nor has plaintiff alleged or proved that the City had delegated such decisionmaking to appellee Gatewood.

---

3. The district court also suggested that both plaintiff's "official capacity" claim against Gatewood and his "individual capacity" claim against Gatewood are barred by the doctrine of quasi-judicial immunity. *See Morton v. City of*

*Little Rock,* 728 F.Supp. 543, 547 (E.D.Ark.1989). As both claims should be rejected on other grounds, we need not address the applicability of the quasi-judicial immunity doctrine.

In sum, plaintiff has produced no evidence whatsoever to support his claim that Gatewood acted pursuant to a municipal "custom or policy" by releasing plaintiff's criminal record. Thus, the district court properly dismissed plaintiff's "official capacity" claim against Gatewood.

### B.

Finally, we take up plaintiff's claim against Gatewood in his individual capacity. The district court rejected this claim because Gatewood was entitled to qualified immunity, which protects government officials whose acts are objectively reasonable under existing law. The district court explained that Gatewood's obedience of the subpoena was legally reasonable, because it clearly would have been "a violation of law for him to refuse to honor the subpoena, and it was equally clear that judicial officials are entitled to examine the expunged records." *Morton,* 728 F.Supp. at 547. The district court noted that an Arkansas statute specifically allows judicial officials to examine expunged records. *Id., citing* A.C.A. § 16–93–301. Accordingly, the district court dismissed plaintiff's "individual capacity" claim.

■ The qualified immunity defense is available to afford immunity for public officials whose position involves the exercise of discretion. *See Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). This defense is available to law enforcement officers, and it is designed to protect them from personal liability in § 1983 suits, unless they violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* at 818, 102 S.Ct. at 2738 (citations omitted). *See also Anderson v. Creighton,* 483 U.S. 635, 638–39, 107 S.Ct. 3034, 3038–39, 97 L.Ed.2d 523 (1987) (*Anderson*).

■ It is undisputed that Gatewood ordered Manning to produce the records only because he was required to do so by the subpoena. The validity of the subpoena was never questioned. It ordered Gatewood to supply "all criminal records and incident reports pertinent to any arrests of

plaintiff." *Morton,* 728 F.Supp. at 547. The subpoena stated that it was issued by Saline County Circuit Court. Thus, it appears that Gatewood's actions were objectively reasonable.

■ To avoid summary judgment based on qualified immunity, plaintiff must show that at the time of Gatewood's action or inaction, the specific right at issue was so clearly established that any reasonable law enforcement officer in Gatewood's position would have clearly understood that he was under a duty to refrain from the conduct alleged to have been unconstitutional. *See Anderson,* 483 U.S. at 640, 107 S.Ct. at 3039. As plaintiff failed to do so, we hold that plaintiff's "individual capacity" suit against Gatewood was barred by the qualified immunity doctrine.

Judgments affirmed accordingly.