4 F.3d 998
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Andrew WALKER, Plaintiff/Appellant,
v.
Glen TRAMMEL, Defendant/Appellee.
 No. 92-2763.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 30, 1993.*
Decided Sept. 1, 1993.
 
 Before BAUER, Chief Judge, and CUDAHY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Andrew Walker, an inmate at the United States Penitentiary in Marion, Illinois, filed a Bivens action against Glen Trammel and the United States, as well as a motion to proceed in forma pauperis. The district court dismissed Walker's claim against the United States as frivolous pursuant to 28 U.S.C. Sec. 1915(d), but allowed Walker to proceed as a pauper against Trammel. The court subsequently granted summary judgment in favor of Trammel. Walker appeals both rulings, and we affirm.
 
 
 2
 Walker received thirty days of disciplinary segregation after a June 29, 1989, disciplinary hearing. When his period of segregation ended on July 29, 1989, he was ordered to return to the general population. He refused and, as a result, he was assigned administrative detention status pending further disciplinary action. Although Walker's status changed from "disciplinary segregation" to "administrative detention," Trammel, a correctional officer, did not assign him to a new cell until a few days later. During this brief period Walker did not receive the expanded access to personal property and certain commissary items that is ordinarily provided to inmates who have been assigned administrative detention status. On August 1, 1989, Walker was moved to a cell in the administrative detention area and began to receive the concomitant privileges.
 
 
 3
 On September 27, 1989, Walker received another thirty days of disciplinary segregation. Shortly after he began serving this time, he was moved to the United States Medical Center for Federal Prisoners. The day after his return to the prison he was returned to disciplinary segregation to complete his thirty-day sentence. Walker complained about this assignment and Trammel reviewed Walker's central file for documentation indicating whether Walker had completed his disciplinary sentence. Trammel came up empty. The next day, however, Trammel learned that Walker had finished his disciplinary sentence while at the medical center. Upon receiving this information Trammel promptly released Walker from disciplinary segregation status and returned him to administrative detention status. The upshot was that Walker had remained in disciplinary segregation for 28 1/2 hours too long.
 
 
 4
 In his Bivens action, Walker claimed that his Fifth Amendment due process rights were violated on the two occasions when he was involuntarily confined in disciplinary segregation past the date on which his disciplinary sentences expired. He also filed a motion to proceed in forma pauperis pursuant to 28 U.S.C. Sec. 1915(a). The district court found Walker's claim against the United States to be barred by the doctrine of sovereign immunity and dismissed it as frivolous within the meaning of 28 U.S.C. Sec. 1915(d). But the court allowed Walker to proceed as a pauper against Trammel. Nearly two years later, the court granted summary judgment in favor of Trammel, ruling that his actions did not rise to the level of a constitutional violation and that he was entitled to qualified immunity.
 
 
 5
 We review the district court's Sec. 1915(d) dismissal of Walker's claim against the United States for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). A claim is frivolous within the meaning of Sec. 1915(d) when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Neitzke instructs us that a claim against a defendant who is clearly immune from suit should be considered frivolous within the meaning of Sec. 1915(d). Id. at 327. In this case it is clear that the United States was immune from Walker's suit. Walker sought monetary damages. The doctrine of sovereign immunity protects the United States from suits seeking monetary damages. The United States can, of course, waive its sovereign immunity but it has not done so for suits like Walker's. Walker points out, correctly, that in the Federal Tort Claims Act, 28 U.S.C. Secs. 1346(b), 2671-2680, Congress created a limited waiver of the federal government's sovereign immunity. Nevertheless, Walker's claim does not fall within the scope of that waiver. Under the Act, the United States is liable for its tortious acts (i.e., the tortious acts of its employees who are acting within the scope of their employment) to the same extent as a private individual in the same circumstances. The Act is not relevant to this case because Walker did not allege that the federal government committed any tortious act for which a private individual would be liable; all he alleged was that the Trammel, an employee of the United States Government, violated his constitutional rights.
 
 
 6
 While we agree with the district court's ultimate conclusion that Walker's claim against the United States is legally frivolous, the court could have reached the same conclusion by taking a less arduous path. Bivens authorizes suits against individual federal officials, not against the United States. McCollum v. Bolger, 794 F.2d 602, 608 (11th Cir.1986), cert. denied, 479 U.S. 1034 (1987); Hohri v. United States, 782 F.2d 227, 245 (D.C.Cir.1986); Garcia v. United States, 666 F.2d 960, 966 (5th Cir.), cert. denied, 459 U.S. 832 (1982); Norton v. United States, 581 F.2d 390, 393 (4th Cir.), cert. denied, 439 U.S. 1003 (1978); cf. Cross v. Fiscus, 830 F.2d 755, 756 (7th Cir.1987) (contrasting Federal Tort Claims Act, which "applies only to the United States" with Bivens, which "authorizes suits against employees of United States"). Thus, Walker's claim is legally frivolous for the simple reason that he cannot sue the United States directly under the Constitution.
 
 
 7
 We review de novo the district court's grant of summary judgment in favor of Trammel, drawing all reasonable inferences for Walker. See Russo v. Health, Welfare & Pension Fund, 984 F.2d 762, 76 (7th Cir.1993). Summary judgment was appropriate if Trammel was entitled to judgment as a matter of law and the record shows no genuine issue of material fact. See Fed.R.Civ.P. 56(c). Summary judgment in favor of Trammel was appropriate in this case because the record establishes that Trammel was entitled to qualified immunity.
 
 
 8
 In determining whether a government official is entitled to qualified immunity, we ask two questions: (1) does the alleged conduct set out a constitutional violation? and (2) were the constitutional standards clearly established at the time in question? Hill v. Shelander, No. 92-2058, slip op. at 5-6 (7th Cir. Apr. 30, 1993). Trammel's conduct does not set out a constitutional violation. The mere fact that Walker spent a few extra days in disciplinary segregation does not implicate due process concerns. Earl v. Morris, 884 F.2d 362, 363 (8th Cir.1989). "The touchstone of due process is protection of the individual against arbitrary action of government." Wolff v. McDonnell, 418 U.S. 539, 558 (1974). Walker must show that by causing him to spend extra time in disciplinary segregation, Trammel "abus[ed] governmental power, or employ[ed] it as an instrument of oppression." Davidson v. Cannon, 474 U.S. 344, 348 (1986). Walker cannot make this showing based on the record in this case. After he had served his first disciplinary sentence, Walker was kept in disciplinary segregation for about three additional days. Trammel stated in a sworn affidavit that the reason for this was that when Walker was eligible to leave the segregation unit there were no open cells in the administrative detention unit, and therefore he had to stay in the disciplinary unit until a cell became available. Walker did not submit any evidence contradicting Trammel's statement. Thus, the record demonstrates that Trammel did not abuse his power or employ it in an oppressive manner, but rather that he kept Walker in the disciplinary unit only for so long as was necessary.
 
 
 9
 Trammel also is entitled to qualified immunity for keeping Walker in disciplinary segregation for an extra 28 1/2 hours following Walker's return from the hospital. Trammel stated in his sworn affidavit that he was unaware that Walker had completed his disciplinary sentence while he was laid up in the hospital. He further stated that, upon verifying that fact, he removed Walker from the disciplinary segregation unit. Again, Walker did not produce any contrary evidence and therefore, again, the district the record falls short of even suggesting that Trammel abused his power or employed it in an abusive manner.
 
 
 10
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record