_____

No. 96-3326
_____

Tracy Buchanan,                       *
                                      *
           Appellant,                 *
                                      *   Appeal from the United States
     v.                               *   District Court for the
                                      *   Eastern District of Arkansas.
City of Little Rock; Little Rock *
Police Department,                    *         [UNPUBLISHED]
                                      *
           Appellees.                 *


_____

Submitted: February 3, 1997

Filed: February 26, 1997
_____

Before HANSEN, MORRIS SHEPPARD ARNOLD, and MURPHY, Circuit Judges.
_____

PER CURIAM.


     Tracy Buchanan, an Arkansas prisoner, appeals the district court's
dismissal of his 42 U.S.C. § 1983 action as frivolous pursuant to former
28 U.S.C. § 1915(d) (now § 1915(e)).  We vacate and remand.


     On October 19, 1995, after being granted leave to proceed in forma
pauperis, Buchanan filed his section 1983 complaint against the City of
Little Rock (City) and the Little Rock Police Department (Department),
alleging use of excessive force; he sent copies of his complaint to both
defendants.  In his complaint and subsequent amendments, Buchanan alleged
that on or about January 1, 1993, while effecting his arrest for public
intoxication, two unidentified police officers--one male and one female--
broke his left shoulder.  The magistrate judge recommended dismissing
Buchanan's amended complaint without prejudice as frivolous

pursuant to section 1915(d), reasoning that Buchanan had not alleged an unconstitutional policy or custom, the City could not be found liable under a theory of respondeat superior, and the Department was not a separate suable entity.

Buchanan requested and was granted additional time to reply to the magistrate judge's report, after he represented he was waiting to receive the arrest report and his medical records, which he said he had requested pursuant to "the Freedom of Information Act." On January 16, 1996, within the extended time period, Buchanan filed objections and moved to further amend his complaint by naming and substituting the two police officers for the Department. Buchanan appended incident reports to the amended complaint, which reflect that he was arrested by officers Sturdivant and Jackson on December 8, 1992, for public intoxication and failure to appear.

Following de novo review, the district court adopted the magistrate judge's findings and recommendations, dismissed Buchanan's complaint without prejudice pursuant to section 1915(d), and denied all pending motions--including the motion to amend--as moot. Buchanan appeals.

Generally, the determination of whether to allow a party to amend a complaint is left to the discretion of the district courts. See Humphreys v. Roche Biomed. Lab., Inc., 990 F.2d 1078, 1081 (8th Cir. 1993). However, in this instance we conclude that the district court abused its discretion in denying Buchanan leave to amend his complaint, as his proffered amendment would have cured the defects of the original complaint. See Wald v. Southwestern Bell Corp. Customcare Med. Plan, 83 F.3d 1002, 1005 (8th Cir. 1996) (leave should be freely granted and may be denied if amendment would be futile); see also Denton v. Hernandez, 504 U.S. 25, 34 (1992) (appellate court reviewing a § 1915(d) dismissal should consider whether the district court abused its discretion by dismissing the complaint without leave to amend where proposed

-2-

amendment would have cured the defect). Significantly, we note that although the district court's dismissal was without prejudice, the three-year statute of limitations expired December 8, 1995, precluding Buchanan from re-filing his lawsuit. See Morton v. City of Little Rock, 934 F.2d 180, 183 (8th Cir. 1991) (statute of limitations in Arkansas for § 1983 action is three years); Ark. Code Ann. § 16-56-105 (Michie 1987).

While the record is insufficient for a decisive answer on this issue, it further appears Buchanan's January 16 proposed amendment--which substituted the named officers for the Department--may relate back to the original, timely complaint, as the proposed amendment related to the same occurrence, and the named officers may have had notice of the pending suit within the limitations period. See Fed. R. Civ. P. 15(c)(3); Schrader v. Royal Caribbean Cruise Line, Inc., 952 F.2d 1008, 1011 (8th Cir. 1991); see also Urrutia v. Harrisburg County Police Dep't, 91 F.3d 451, 453-55 (3d Cir. 1996) (abuse of discretion in denying leave to add or substitute individual police officers as defendants; proposed amendment would relate back to the original complaint as long as the police officers would not be prejudiced in maintaining defense on the merits).

As the Rule 15(c) requirements "raise factual issues not susceptible to determination at the appellate level," McCurry v. Allen, 688 F.2d 581, 585 (8th Cir. 1982), we remand to the district court to allow the filing of Buchanan's amended complaint, and for a determination of the applicability of Rule 15(c), including an evidentiary hearing if necessary.

Accordingly, the judgment of the district court is vacated and this matter remanded for further proceedings.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.