# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3696

_____

Brenda Jean Hutchinson,  \*
  \*
  Appellant,  \*
  \*  Appeal from the United States
v.  \*  District Court for the Eastern
  \*  District of Arkansas
Jefferson County Jail; J. Cleven, Inmate,  \*
  \*  [UNPUBLISHED]
  Appellees.  \*

_____

Submitted:  December 6, 2000

Filed:  December 13, 2000

_____

Before McMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD,
    Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Brenda Jean Hutchinson appeals from the final judgment entered in the District Court[1] for the Eastern District of Arkansas, dismissing with prejudice her 42 U.S.C. § 1983 action prior to service and pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim. Naming a fellow inmate and the Jefferson

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable H. David Young, United States Magistrate Judge for the Eastern District of Arkansas.

County Jail as defendants, she alleged that she was raped at the jail and that the jail refused to release her medical records. For the reasons discussed below, we affirm the judgment of the district court, but modify the dismissal to be without prejudice.

Upon de novo review, see Cooper v. Schriro, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam), we agree with the district court that Hutchinson failed to state a 42 U.S.C. § 1983 claim against the jail and the inmate, because she failed to allege that the constitutional deprivation she suffered was due to a custom or policy of Jefferson County or that the inmate was jointly engaged with a state actor. See City of Canton v. Harris, 489 U.S. 378, 385 (1989) (municipality may be held liable only for constitutional violations which result from municipal policy or custom); Dennis v. Sparks, 449 U.S. 24, 27-28 (1980) (to act under color of state law for § 1983 purposes, private defendant must be willful participant in joint action with State or its agents). We modify the dismissal to be without prejudice so that Hutchinson may refile and name any individual jail employees who may have failed to protect her from the rape. See Perkins v. Grimes, 161 F.3d 1127, 1129-30 (8th Cir. 1998) (per curiam) (jailer who acts with deliberate indifference to substantial risk of harm to prisoner/detainee violates Eighth Amendment); Morton v. City of Little Rock, 934 F.2d 180, 183 (8th Cir.1991) (statute of limitations in Arkansas for § 1983 action is three years). We note that, if she refiles, she should be able to obtain copies of her medical records through discovery.

Accordingly, we modify the dismissal to be without prejudice and affirm the judgment as modified. See 8th Cir. R. 47A(a). We deny Hutchinson's motion for appointment of counsel.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.