# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1018

_____

William E. Blakeman,                    *
                                        *
            Appellant,                  *    Appeal from the United States
                                        *    District Court for the Northern
     v.                                 *    District of Iowa.
                                        *
Sheriff Leo Kennedy,                    *         [UNPUBLISHED]
                                        *
            Appellee.                   *

_____

Submitted:   May 19, 2006
    Filed:   May 23, 2006

_____

Before MELLOY, FAGG, and BENTON, Circuit Judges.

_____

PER CURIAM.

     Iowa inmate William E. Blakeman appeals the district court's[*] adverse grant
of summary judgment in Blakeman's 42 U.S.C. § 1983 action.  Having reviewed the
record de novo, see Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000) (standard
of review), we conclude dismissal was proper, see Auman v. United States, 67 F.3d
157, 161-62 (8th Cir. 1995) (appellate court reviews judgments, not opinions, and
may affirm on any ground supported by record regardless of whether counsel urged
it or district court considered it).

_____

     [*]The Honorable Edward J. McManus, United States District Judge for the
Northern District of Iowa.

We conclude Blakeman's recitations are insufficient to demonstrate Kennedy had personal knowledge of Blakeman needing and not receiving seizure medication. See Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995) (general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability); Fruit v. Norris, 905 F.2d 1147, 1151 (8th Cir. 1990) (supervisors are not liable for Eighth Amendment claims brought under § 1983 on respondeat superior theory; supervisors must be personally involved in, deliberately indifferent to, or tacitly authorize constitutional violation).

To the extent Blakeman's complaint can be read to sue Kennedy in his official capacity, and assuming Kennedy qualifies as a policymaker, we conclude Blakeman identified no unconstitutional custom or policy which caused him to be denied needed seizure medication. See Ware v. Jackson County, 150 F.3d 873, 880 (8th Cir. 1998) (official policy involves deliberate choice to follow course of action made from various alternatives by official who maintains final authority to establish governmental policy); Morton v. City of Little Rock, 934 F.2d 180, 182-84 (8th Cir. 1991) (official-capacity claim against individual city official must be based on existence of city policy or custom causing constitutional violation).

Finally, we conclude the district court did not abuse its discretion in denying Blakeman's initial motion for appointed counsel. The issue of Kennedy's involvement was not complex and it was within Blakeman's knowledge. See Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996) (factors district courts should consider in deciding whether to appoint counsel in civil case include factual and legal complexity of the case, presence or absence of conflicting testimony, and plaintiff's ability to investigate facts and present claim). Accordingly, we affirm.

_____