863 F.2d 603
 Frank RASMUSSEN, as Special Administrator of the Estate of
Charles R. Rasmussen, deceased; and Darlene D.
Rasmussen, individually and as the wife
of Charles R. Rasmussen,
deceased, Appellants,
v.
Gary LARSON, individually and as Police Chief at the time of
the incident; Terry Cates, individually and as a
Police Officer; Ron Nordell,
individually and as a Police
Officer, Appellees.
 No. 87-5400.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 22, 1988.
Decided Dec. 19, 1988.
 
 Robert Mines, Hot Springs, S.D., for appellants.
 Michael L. Luce, Sioux Falls, S.D., for appellees.
 Before HEANEY and McMILLIAN, Circuit Judges, and ROSS, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Frank Rasmussen, Special Administrator of the Estate of Charles R. Rasmussen, and Darlene D. Rasmussen, wife of the deceased Charles R. Rasmussen, appeal from the district court's[1] grant of summary judgment in favor of the appellees. The district court dismissed the appellants' first cause of action on the grounds that their allegations of constitutional and civil rights deprivations failed to state a claim upon which relief can be granted. The district court also dismissed the second cause of action on the grounds that adequate state court remedies exist for Darlene Ramsussen's pendent state claim for loss of consortium. We affirm the judgment of the district court.
 
 I.
 
 2
 On June 10, 1985, Charles Rasmussen, decedent, was found dead at his home in Hot Springs, South Dakota. An autopsy report indicated that the cause of his death was coronary artery disease with probable myocardial infarction. It is undisputed that decedent had a pre-existing heart condition.
 
 
 3
 Approximately three days prior to his death, on the evening of June 6, 1985, decedent was arrested by appellees Terry Cates and Charles Lee, police officers for the City of Hot Springs, and taken into overnight protective custody under South Dakota's detoxification statute, S.D.Codified Laws Ann. Sec. 34-20A-55 (1986).[2] At the time of his arrest, Officers Cates and Lee were assigned to assist with crowd control for the Miss South Dakota Beauty Pageant, which was being held in an auditorium adjacent to a bar called the Red Eye Saloon. Signs had been posted in the hallway near the entrance of the auditorium warning bar patrons that alcoholic beverages were not allowed in the pageant auditorium. During the pageant, Officers Cates and Lee encountered the decedent approximately three times in the hallway connecting the auditorium to the bar. The decedent had been drinking and had a drink in his possession. An argument between the decedent and the officers ensued concerning whether the decedent had a right to have alcohol in the hallway. Concluding that the decedent was intoxicated and becoming belligerent, the officers took decedent into protective custody pursuant to S.D.Codified Laws Ann. Sec. 34-20A-55.
 
 
 4
 In effecting decedent's arrest, the officers forcibly pried decedent's arm and hand away from a door frame. As he was being handcuffed, decedent's eye glasses were knocked or fell from his face. Decedent was then taken to county jail at the direction of appellee Ron Nordell, supervising officer at the pageant site. Decedent's personal belongings, including heart medication, were inventoried and he was held in protective custody through the night and released the next morning. Three days later, decedent was found dead at his home.
 
 
 5
 Appellants filed this action against the appellees, alleging that decedent's death was proximately caused by physical assaults he received during his arrest and incarceration, and deprivations of freedom, necessary medication and medical treatment, in violation of 42 U.S.C. Secs. 1983 and 1985, and the First, Fourth, Fifth, Sixth, Eighth, Ninth, Thirteenth and Fourteenth Amendments to the Constitution. Appellants claimed that the appellees' actions aggravated decedent's heart condition and thereby caused his death.
 
 
 6
 The district court found that appellants failed to state a cause of action under 42 U.S.C. Sec. 1985(3) because neither the complaint nor amended complaint alleged some class-based, invidiously discriminatory animus with respect to the treatment decedent received while in appellees' custody. As the district court correctly noted, it is well established that such animus must be alleged to state a claim under section 1985(3). See, e.g., Griffin v. Breckenridge, 403 U.S. 88, 101-02, 91 S.Ct. 1790, 1797-98, 29 L.Ed.2d 338 (1971); Shortbull v. Looking Elk, 677 F.2d 645, 648 (8th Cir.), cert. denied, 459 U.S. 907, 103 S.Ct. 211, 74 L.Ed.2d 168 (1982).
 
 
 7
 The district court also concluded that the appellants failed to state a cause of action under 42 U.S.C. Sec. 1983. With respect to Police Chief Gary Larson, and presumably Police Chief Ike Merchant, both of whom undisputedly had no personal involvement with the decedent's arrest or detention, the district court held that a section 1983 action would not lie against these police supervisory officers absent a showing that they were directly and personally involved in the alleged misconduct. See Rizzo v. Goode, 423 U.S. 362, 375-76, 96 S.Ct. 598, 606-07, 46 L.Ed.2d 561 (1976); Harris v. Pirch, 677 F.2d 681, 685 (8th Cir.1982). As to Officer Nordell, who authorized or directed the decedent's arrest and detention, the district court found that the allegations and the evidence, both viewed in the light most favorable to the appellants, revealed nothing more than a single incident of negligent supervision, which was insufficient to support a claim under section 1983. See Daniels v. Williams, 474 U.S. 327, 330-33, 106 S.Ct. 662, 664-66, 88 L.Ed.2d 662 (1986); Davidson v. Cannon, 474 U.S. 344, 347-48, 106 S.Ct. 668, 670-71, 88 L.Ed.2d 677 (1986).
 
 
 8
 With respect to appellants' allegations that Officers Cates and Lee unconstitutionally deprived decedent of his liberty interest, the district court concluded that the complaint, which characterized the officers' actions as "grossly negligent and with callous and reckless disregard," was insufficient to state a cause of action because "negligent or even grossly negligent actions do not trigger the due process clause of the fourteenth amendment." Rasmussen v. Larson, No. 86-5029, slip op. 17 (D.S.D. July 19, 1988). As to the allegation that the officers unconstitutionally used excessive force in effecting decedent's arrest, the district court stated:
 
 
 9
 The only force used against Charles Rasmussen was prying his arm and hand away from a doorway, escorting him outside, putting handcuffs on him, and conducting a patdown search. Neither of the reserve officers kicked or hit Charles Rasmussen or did anything which this Court considers to be egregious or offensive to human dignity. There was some testimony that one of the officers pushed Mr. Rasmussen up against the wall and that his glasses fell or were knocked off. The Court viewed the evidence in the light most favorable to plaintiffs and finds that whatever force was used against Charles Rasmussen did not constitute excessive force which would give rise to a constitutional claim.
 
 
 10
 Rasmussen, supra, slip op. at 18. The district court noted that this conclusion was further supported by the autopsy report, indicating no evidence of trauma or abnormality, and the testimony of appellants' medical expert, Dr. John Murray, who acknowledged that there was no evidence of physical trauma which would have caused decedent's heart attack.
 
 
 11
 Concerning allegations that Officers Cates and Lee had deprived the decedent of necessary medication and medical treatment, the district court concluded that the appellants failed to state a valid constitutional claim because there was no evidence or allegation that the officers named to this action were involved in either decedent's transfer to the county jail or the inventory of decedent's medication at the jail facility. The court further noted there was no evidence or allegation that the decedent requested but was denied access to his medication while in custody. Lastly, the district court held that Officers Cates and Lee were entitled to qualified immunity under the standards set forth in Harlow v. Fitzgerald, 457 U.S. 800, 818-19, 102 S.Ct. 2727, 2738-39, 73 L.Ed.2d 396 (1982) and Malley v. Briggs, 475 U.S. 335, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271 (1986), because they acted in an objectively reasonable manner in light of the decedent's behavior and appearance.
 
 II.
 
 12
 Viewing the facts in the light most favorable to the appellants and having carefully considered all of the appellants' arguments for reversal in this appeal, we firmly conclude that the district court correctly determined that the appellees were entitled to summary judgment as a matter of law pursuant to Fed.R.Civ.P. 56. Accordingly, the judgment of the district court is affirmed. See 8th Cir.R. 14.
 
 
 
 [1]
 The HONORABLE RICHARD H. BATTEY, United States District Court Judge for the District of South Dakota
 
 
 [2]
 S.D.Codified Laws Ann. Sec. 34-20A-55 (1986) provides:
 Any person who appears to be intoxicated or incapacitated by the effects of alcohol or drugs in a public place and is clearly dangerous to the health and safety of himself or others may be taken into protective custody by law enforcement authorities, acting with probable cause, and, if taken into protective custody, shall be taken forthwith to an approved treatment facility offering detoxification services for emergency commitment. If emergency commitment is not appropriate, as determined by the administrator of the facility or an authorized designee, the person may be detained as a patient in protective custody until no longer intoxicated, or up to forty-eight hours after admission. If no approved treatment facility is readily available he shall be taken to an emergency medical service or a jail, but only until he is no longer intoxicated or incapacitated or only so long as may be necessary to prevent injury to himself or others.