**Ercilio GONZALEZ, Plaintiff,**

v.

**CITY OF CHICAGO, a municipal corporation, Chicago Police Officer Tom Rolon, Star # 8341, Raphael Lopez, Star # 15827, and A. Brzoza, Star # 2325, Defendants.**

**No. 94 C 7704.**

United States District Court,
N.D. Illinois,
Eastern Division.

May 30, 1995.

888

Gregory J. Schlesinger, Schlesinger & Krasny, Ltd., Michael D. Robbins, Chicago, IL, for plaintiff.

Susan S. Sher, City of Chicago, Law Dept., Corp. Counsel, Irene Schild Caminer, Donald Raymond Zoufal, Sharon Baldwin, Margaret Ann Carey, Patricia Jo Kendall, David Mitchell Zinder, John F. McGuire, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Ercilio Gonzalez brings this three-count first amended complaint against the City of Chicago ("City") and certain members of its police force. Defendant City has moved to dismiss Counts I and II, or in the alternative, to strike portions of Count II. For the reasons set forth below, defendant's motion is granted in part and denied in part.

### I. Background [1]

Gonzalez alleges that individual defendants Rolon, Lopez and Brzoza, officers of the Chicago Police Department, engaged in a scheme to retaliate against him and his family because of their complaints of excessive force and unlawful arrest. Plaintiff asserts that his family complained to the City's Office of Professional Standards ("OPS") that defendants unlawfully entered their home, beat plaintiff and his father, and arrested plaintiff for the possession of two guns that were actually found at a different location. Plaintiff maintains that although these charges were deemed meritorious by OPS, the City failed to discipline the individual defendants or evaluate their propensity for committing unlawful arrests and using excessive force. Instead, Gonzalez alleges, the City maintained a policy or custom of con-

---

1. Although plaintiff has filed a first amended complaint, the copy of the document in the case-file omits page three. As the original complaint contains sufficient detail from which we can infer the sum and substance of the missing page, we will use that document (as well as the briefs from the parties) to assist us in composing this factual discussion. However, in order to correct this defect, plaintiff is directed to file a complete and accurate copy of the first amended complaint with the clerk of the court.

doning retaliatory actions against complaining citizens.

Gonzales contends that this policy encouraged the individual defendants to concoct false drug possession charges against him and to arrest him on May 23, 1994. These charges against Gonzalez were eventually dismissed on December 19, 1994, on the State's own motion. In the interim, however, plaintiff claims that he spent thirty days in Cook County Jail, expended family funds to meet bail and obtain legal representation, and suffered damage to his reputation and mental health. Plaintiff then brought the instant action, alleging in Counts I and II that the individual defendants and the City violated his rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and in Count III asserting a state law claim of intentional infliction of emotional distress. Defendant City now moves under Rule 12(b)(6) to dismiss Count II, or to strike certain portions of this count as irrelevant under Rule 12(f).

## II. Discussion

■ We first address defendant City's contention that Count II should be dismissed for failure to state a claim. A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Chaney v. Suburban Bus Division of the Regional Transp. Auth.*, 52 F.3d 623, 626 (7th Cir.1995). At this stage in the litigation we take as true all factual allegations made in the complaint, and construe all reasonable inferences therefrom in plaintiff's favor. *Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir.1995).

■ In essence, Counts I and II of plaintiff's complaint allege that defendants are guilty of malicious prosecution and false arrest, and plaintiff argues that such claims are cognizable under 42 U.S.C. § 1983. We begin our analysis plaintiff's Section 1983 claim by identifying the specific constitutional provisions at issue. *Graham v. Connor*, 490 U.S. 386, 394, 109 S.Ct. 1865, 1870–1871, 104 L.Ed.2d 443 (1989). Defendant correctly points out that plaintiff's claim of a "pretrial deprivation of liberty" may only be brought under the Fourth Amendment, and not under the rubric of substantive due process. *Albright v. Oliver*, — U.S. —, — – —, 114 S.Ct. 807, 813–814, 127 L.Ed.2d 114 (1994) (plurality opinion). The City then argues that under Seventh Circuit law, no claim for unlawful detention may lie under the Fourth Amendment once the detainee is provided with a *Gerstein*[2] hearing. *See Garcia v. City of Chicago*, 24 F.3d 966, 970–71 n. 6 (7th Cir.1994), *cert. denied*, — U.S. —, 115 S.Ct. 1313, 131 L.Ed.2d 194 (1995); *Villanova v. Abrams*, 972 F.2d 792, 797 (7th Cir.1992); *Wilkins v. May*, 872 F.2d 190, 192–95 (7th Cir.1989), *cert. denied*, 493 U.S. 1026, 110 S.Ct. 733, 107 L.Ed.2d 752 (1990).[3] The City goes on to introduce evidence of

2. A hearing which provides "a fair and reliable determination of probable cause ... made by a judicial officer either before or promptly after arrest," is required by the Fourth Amendment. *Gerstein v. Pugh*, 420 U.S. 103, 125, 95 S.Ct. 854, 868–869, 43 L.Ed.2d 54 (1975).

3. We recognize that the continuing viability of this rule is unclear. *See Cruz v. Stasinopoulos*, 843 F.Supp. 435, 437 & n. 1 (N.D.Ill.1994). In a concurring opinion in *Albright*, Justice Ginsburg opined that the petitioner did not pursue a Fourth Amendment claim because "he might have anticipated a holding that the 'seizure' of his person ended when he was released from custody on bond, and a corresponding conclusion that [defendant's] allegedly misleading testimony at the preliminary hearing escaped Fourth Amendment interdiction." — U.S. at —, 114 S.Ct. at 815. Justice Ginsburg continued: "Such

a concern might have stemmed from Seventh Circuit precedent set before *Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). *See Wilkins v. May*, 872 F.2d 190, 192–95 (1989) (substantive due process 'shock the conscience' standard, applies to brutal 'post-arrest pre-charge' interrogation)." *Id.* — U.S. at — n. 2, 114 S.Ct. at 815 n. 2.

While the most recent pronouncement by the Seventh Circuit appears to reaffirm the principle that no Fourth Amendment claim may be brought once *Gerstein* is satisfied, *Garcia*, 24 F.3d at 970–71 n. 6; *id.* at 975 (Cudahy, J., concurring in part, dissenting in part), we recognize the potential friction between this position and the one espoused by some members of the Supreme Court. However, as discussed below, we need not decide the viability of the *Wilkins* rule in order to resolve the instant motion, and therefore decline to do so.

plaintiff's bail hearing on March 25, 1994, and hypothesizes that "a decision with regard to probable cause to detain would certainly have been made" at that time. Def's Memorandum in Support, at 4 n. 1. However, defendant fails to introduce any evidence that a probable cause hearing was actually held, nor can we presume at this stage that plaintiff was provided with such a hearing. Rather, because he has not suggested in his complaint that he received a *Gerstein* hearing, we must permit his claim to go forward and leave for a later date the question of whether the existence of such a hearing wipes out any constitutional claim he might have asserted.

■ Defendant next moves to dismiss that portion of plaintiff's complaint seeking relief under the Fifth Amendment to the United States Constitution. Complaint, ¶ 17. The City correctly argues that the Fifth Amendment's Due Process Clause only applies to actions taken under color of federal law. *See Peoria School of Business, Inc. v. Accrediting Council for Continuing Educ. and Training,* 805 F.Supp. 579, 581 (N.D.Ill. 1992). Plaintiff concedes that the Fifth Amendment is inapplicable to his case, but asserts that this is of no import because the Fourteenth Amendment's Due Process Clause provides a remedy for his claim of unlawful detention. However, in support of this assertion plaintiff cites *Lile v. Tippecanoe County Jail,* 844 F.Supp. 1301 (N.D.Ind. 1992), a case dealing solely with the issue of whether the conditions of a pre-trial detainee's confinement violated the Fourteenth Amendment. Plaintiff fails to cite any support for his contention that unlawful detention claims are cognizable under the Fourteenth Amendment, nor does he venture an explanation as to how his claim avoids the holding in *Albright. See —— U.S. at ——–——, 114 S.Ct. at 813–14. Accordingly, defendant's motion to dismiss plaintiff's Fifth Amendment claim is granted.

■ Defendant City next attacks Count II of the complaint, arguing that plaintiff's allegation of "gross negligence" in the supervision of police officers is insufficient to establish municipal liability. *See Monell v. Department of Social Servs. of the City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Although defendant is correct that an allegation of gross negligence will not support a § 1983 claim, we disagree with its reading of plaintiff's complaint. Indeed, Count II specifically alleges that "[t]he Chicago Police Department was intentionally indifferent to, or grossly negligent in permitting, the [complained of] conduct." Complaint, ¶ 33. In other words, plaintiff contends (in part) that defendant City acted with deliberate indifference to the rights of its citizens, and § 1983 liability may be imposed on a municipal defendant possessing such a state of mind. *See City of Canton v. Harris,* 489 U.S. 378, 392, 109 S.Ct. 1197, 1206–1207, 103 L.Ed.2d 412 (1989); *Hirsch v. Burke,* 40 F.3d 900, 904 (7th Cir.1994). While it is true that the very next paragraph of the complaint only refers to the City's gross negligence, we believe that a fair reading of Count II fully incorporates the allegation of deliberate indifference into this section of the complaint as well. Accordingly, defendant's motion to dismiss Count II is denied.

Finally, defendant moves to strike the portions of Count II referring to the sanctioning by defendant of "violent" activities and acts of "excessive force" by its officers. Defendant contends that even if such policies exist, they did not cause plaintiff's complained of injury (ie., unlawful detention and malicious prosecution) and therefore are irrelevant to plaintiff's complaint. Plaintiff responds that such allegations bolster his contention that the City actually had a policy of not interfering with the unlawful arrests performed by the individual defendants.

■ Federal Rule of Civil Procedure 12(f) authorizes us to strike from the pleadings "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, such motions are not favored, and will only be granted if "the language of the pleading has no possible relation to the controversy and is clearly prejudicial." *Simmons v. John F. Kennedy Medical Ctr.,* 727 F.Supp. 440, 442 (N.D.Ill. 1989) (quoting *Garza v. Chicago Health Clubs, Inc.,* 347 F.Supp. 955, 962 (N.D.Ill. 1972)). While the language in question is not directly related to any policy which could have caused plaintiff's complained of injury,

it is consistent with Gonzalez's allegation that the City failed to properly screen and supervise its police officers. As this language arguably bears some relation to plaintiff's claim, we decline to strike it from the complaint.

### III. Conclusion

For the reasons set forth above, defendant City's motion is granted in part and denied in part. It is so ordered.