KONENKAMP, Justice
(dissenting).
[¶ 27.] This case was sent back to the circuit court to correct a legal error in deciding the admission of evidence. On remand, the court used the correct legal analysis and again excluded plaintiffs proffered evidence. As the Court today acknowledges, “The trial court’s earlier error was its failure to determine, under the correct standards, the relevancy and admissibility of plaintiffs proffered evidence.” Nonetheless, despite the fact that the circuit court has now used the correct legal analysis in excluding the evidence, this Court holds that there must be a new trial because the trial court “may change” its rulings.
[¶ 28.] A new trial is necessary, the Court reasons, because an in limine ruling is interlocutory and preliminary. Yet in our earlier decision, St. John I, we did not address the circuit court’s decision to exclude the evidence in the context of its preliminary or interlocutory nature. Rather, St. John I examined the court’s application during trial of two evidentiary rules, SDCL 19-12-1 (Rule 401) and SDCL 19-12-2 (Rule 402), as those rules related to the court’s decision to exclude plaintiffs proffered evidence. Then, because the record was “unclear” and because the trial court applied the wrong legal standard when it excluded the proffered evidence, we remanded because it was “possible that the exclusion of the evidence” affected the outcome of the jury’s verdict. See 2011 S.D. 58, ¶¶ 14, 18, 804 N.W.2d at 75, 77 (emphasis added). Had the record been clear, this Court could have upheld the jury’s verdict notwithstanding the court’s evidentiary error. *401 Indeed, in past cases we have affirmed where a trial court has erred, but on the record, application of the correct legal standard would lead to the same result: exclusion of the evidence.[2]
[¶ 29.] Trial courts must do their best to conduct remand proceedings as consistent as possible with the appellate mandate. Pac. Gas & Elec. Co. v. United States, 668 F.3d 1346, 1351-52 (Fed.Cir.2012). Both the letter and the spirit must be taken into account in following “the appellate court’s opinion and the circumstances it embraces.” Bankers Trust Co. v. Bethlehem Steel Corp., 761 F.2d 943, 949 (3d Cir.1985) (citations omitted).[3] Here, both the letter and the spirit were followed on remand when the circuit court considered, using the correct legal standards, the admissibility and relevancy of the proffered evidence. By appropriately applying the rules of evidence to plaintiffs proffered evidence, the court acted in harmony with our mandate. To order a new trial simply because the evidentiary ruling involved a motion in limine is nonsensical. After all, in St. John I, we held that the error in excluding plaintiffs proffered evidence was the faulty analysis leading to the exclusion. But we wrote that under the correct analysis this evidence “could” still be excluded. See St. John I, 2011 S.D. 58, ¶ 19, 804 N.W.2d at 77.
[¶ 30.] That the circuit court made a “definitive ruling” excluding plaintiffs proffered evidence there can be no doubt. SDCL 19-9-3 (Rule 103(a)). This evidence, Dr. Peterson’s operations on other patients, has been consistently rejected, even to the extent of requiring separate trials for each plaintiff in order “to avoid the possibility of testimony from one case affecting the other cases[.]” St. John I, 2011 S.D. 58, ¶ 11, 804 N.W.2d at 75. And the circuit court’s severance decision was not appealed. The purpose of a new trial is to have a trial free from the errors of the previous trial. But the new trial ordered here will only duplicate the last trial. Our rules of evidence are to be construed to eliminate “unjustifiable expense and delay[.]” SDCL 19-9-2 (Rule 102). Thus, it is disappointing to contemplate how, when this Court finds no error in the circuit court’s present evidentiary ruling and no appeal was taken on the decision to sever the eases in order to prevent this same evidence from prejudicing this case, that there must nonetheless be another trial because the circuit court might change its rulings.
[¶ 31.] ZINTER, Justice, joins this dissent.

. See Surgical Inst. of S.D., P.C. v. Sorrell, 2012 S.D. 48, 816 N.W.2d 133 (independently considering relevancy and admissibility of the record evidence); Janis v. Nash Finch Co., 2010 S.D. 27, 780 N.W.2d 497 (court applied wrong legal standard and this Court applied the correct standard to the record evidence); In re C.V., 1998 S.D. 47, 579 N.W.2d 17 (affirming because result would not change on rehearing); Horne v. Crozier, 1997 S.D. 65, 565 N.W.2d 50 (court applied wrong standard, yet affirmed on assessment of the record).

. See Pac. Gas & Elec. Co., 668 F.3d at 1351; Carolina Power & Light Co. v. United States, 98 Fed.Cl. 785, 794 (2011); S. Atl. Ltd. P'ship of Tenn., L.P. v. Riese, 356 F.3d 576, 583-84 (4th Cir.2004); Ayyad v. Sprint Spectrum, L.P., 210 Cal.App.4th 851, 148 Cal.Rptr.3d 709, 715-16 (2012); see also Briggs v. Pa. R. Co., 334 U.S. 304, 306, 68 S.Ct. 1039, 1040, 92 L.Ed. 1403 (1948).